PER CURIAM.
The Comptroller of the State of Florida entered an administrative order pursuant to section 516.07, Fla.Stat., F.S.A., revoking the license of the appellee, small loan company. The appellee, as plaintiff, brought suit in the circuit court under section 516.25, Fla.Stat., F.S.A., to review such action. After trial of the issue the circuit judge entered a final decree reversing the administrative order of the Comptroller and this appeal followed.
In the course of the hearing before the chancellor it was established that the Comptroller’s order revoking plaintiff’s license was based upon an interlocutory order entered by a circuit judge other than the judge before whom the proceedings for review were later held. The interlocutory order, upon which the revocation was based, had found fraud in the inception of a mortgage sought to be foreclosed by the plaintiff, small loan company. The interlocutory order was not entitled as such and did not specify the fraud found, but stated that the mortgage and note were procured by fraud. The Comptroller assumed that it was a final adjudication against the small loan company.
The chancellor found upon final hearing that the order above referred to was not a final adjudication inasmuch as said order was superseded by a final decree in the mortgage foreclosure action. This final decree found that the note sued upon in that action was a forgery as to one defendant therein but genuine as to the other defendant. It did not find fraud as to the small loan company. This final decree in the mortgage foreclosure action was entered after the Comptroller’s order of revocation and also subsequent to the institution of the proceedings for review in the circuit court, but prior to the final hearing in the action for review. The Comptroller, as appellant, urges that the chancellor erred in taking into consideration the final decree in the mortgage foreclosure action since it was entered subsequent to the action of the Comptroller. We find that the chancellor correctly considered the final decree in the mortgage foreclosure action, since its entry demonstrated that the Comptroller had acted prematurely. In the absence of other proof of fraud the evidence before the Comptroller was insufficient to support his order of revocation.
In this connection the Comptroller further urges that if a finding of insufficient evidence was proper then the chancellor should have “remanded the matter to the Comptroller.” We find no provision for a remand in the review procedure set forth in Chapter 516 of the Florida Statutes, F.S.A. However, we do not find that the final decree in the review proceedings is a final determination of the question of the possible failure of the small loan company to comply with a lawful order of the Comptroller. The chancellor simply found that the interlocutory order in the mortgage foreclosure proceeding was not in itself a sufficient ground for revocation. Therefore, the decree of the chancellor in the review proceedings is affirmed without prejudice to any further proceedings before the Comptroller upon the alleged violation of his lawful orders by the small loan licensee.
Affirmed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.